AO 245D   (Rev 09/11) Judgment in a Criminal Case for Revocations
           Sheet 1

# UNITED STATES DISTRICT COURT

## Middle District of Alabama

| UNITED STATES OF AMERICA | Judgment in a Criminal Case |
|---|---|
| v. | (For **Revocation** of Probation or Supervised Release) |
| CHARLES SEAN WIMBUSH | |

Case No.   2:11cr179-MEF-03

USM No.   13681-002

Aylia McKee
_Defendant's Attorney_

**THE DEFENDANT:**

☑ admitted guilt to violation of condition(s)   **1,2,3,4,5 and 6**   of the Petition filed 12/16/13.

☐ was found in violation of condition(s)   _____   after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | Defendant Failed to Comply with Drug Testing | 11/18/2013 |
| 2 | Defendant Failed to Notify USPO 10 days Prior to Change of Residence | 11/12/2013 |
| 3 | Defendant left the District without Permission of USPO | 11/12/2013 |

The defendant is sentenced as provided in pages 2 through __7__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Last Four Digits of Defendant's Soc. Sec. No.:   **6111**

Defendant's Year of Birth:   **1966**

City and State of Defendant's Residence:
**Tuskegee, AL**

01/02/2014
_Date of Imposition of Judgment_

_Signature of Judge_

Mark E. Fuller, U.S. District Judge
_Name and Title of Judge_

14 JAN 2014
_Date_

AO 245D   (Rev 09/11) Judgment in a Criminal Case for Revocations
Sheet 1A

Judgment—Page __2__ of __7__

DEFENDANT: CHARLES SEAN WIMBUSH
CASE NUMBER: 2:11cr179-MEF-03

## ADDITIONAL VIOLATIONS

| Violation Number | Nature of Violation | Violation Concluded |
|---|---|---|
| 4 | Defendant failed to refrain from any unlawful use of a controlled substance | 12/06/2013 |
| 5 | Defendant failed to refrain from any unlawful use of a controlled substance | 12/12/2013 |
| 6 | Defendant failed to Pay Special Assessment Fee and Restitution | 12/16/2013 |

AO 245D    (Rev 09/11) Judgment in a Criminal Case for Revocations
           Sheet 2— Imprisonment

DEFENDANT: CHARLES SEAN WIMBUSH
CASE NUMBER: 2:11cr179-MEF-03

Judgment — Page 3 of 7

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

Six (6) Months.  The term of supervised release imposed on June 28, 2012 is REVOKED.

☑ The court makes the following recommendations to the Bureau of Prisons:

Defendant be designated to a facility where substance abuse treatment is available.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

　　☐ at _____ ☐ a.m. ☐ p.m. on _____ .
　　☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

　　☐ before 2 p.m. on _____ .
　　☐ as notified by the United States Marshal.
　　☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245D (Rev. 09/11) Judgment in a Criminal Case for Revocations
Sheet 3 — Supervised Release

Judgment—Page __4__ of __7__

DEFENDANT: CHARLES SEAN WIMBUSH
CASE NUMBER: 2:11cr179-MEF-03

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:
18 months.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if
- ☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is be a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245D   (Rev 09/11) Judgment in a Criminal Case for Revocations
         Sheet 3C — Supervised Release

DEFENDANT: CHARLES SEAN WIMBUSH
CASE NUMBER: 2:11cr179-MEF-03

Judgment—Page 5 of 7

## SPECIAL CONDITIONS OF SUPERVISION

1) The defendant shall participate in the home confinement program for a period of 6 Months to begin at a time designated by the probation officer. During this time, the defendant will remain at his place of residence except for employment and other activities approved in advance by the probation officer. At the direction of the probation officer, the defendant shall wear an electronic monitoring device and follow electronic procedures specified by the probation officer. The defendant shall pay the cost of electronic monitoring as directed by the probation officer.

2) The defendant shall participate in a program of drug testing administered by the United States Probation Office, which may include testing to determine whether the defendant has reverted to the use of illegal drugs. The defendant shall contribute to the cost of any treatment based on ability to pay and the availability of third-party payments.

3) The defendant shall provide the probation officer any requested financial information.

4) The defendant is still obligated to make payments towards previously ordered restitution and special assessment fee.

5) The defendant shall not incur new credit charges or open additional lines of credit without approval of the Court unless in compliance with the payment schedule.

AO 245D   (Rev 09/11) Judgment in a Criminal Case for Revocations
         Sheet 5 — Criminal Monetary Penalties

Judgment — Page __6__ of __7__

DEFENDANT: CHARLES SEAN WIMBUSH
CASE NUMBER: 2:11cr179-MEF-03

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments set forth on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|----------------|----------|-----------------|
| TOTALS | $ 100.00       | $ 0.00   | $               |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee**             | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------------------|-----------------|-------------------------|----------------------------|
| SEE DETAILED ATTACHED LIST    |                 | $10,640.00              |                            |
| (Same as Previously Ordered in |                |                         |                            |
| Amended Judgment filed 2/19/13) |               |                         |                            |
| **TOTALS**                    | $ 0.00          | $ 10,640.00             |                            |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution or a fine more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☑ the interest requirement is waived for the   ☐ fine   ☑ restitution.

   ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245D   (Rev 09/11) Judgment in a Criminal Case for Revocations
         Sheet 6 — Schedule of Payments

Judgment — Page  7  of  7

DEFENDANT: CHARLES SEAN WIMBUSH
CASE NUMBER: 2:11cr179-MEF-03

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  ☑ Lump sum payment of $ __10,740.00__ due immediately, balance due

  ☐ not later than _____ , or
  ☑ in accordance with ☐ C, ☐ D, ☐ E, or ☑ F below); or

B  ☐ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay.

F  ☑ Special instructions regarding the payment of criminal monetary penalties:

  Any balance of restitution remaining at the start of supervision shall be paid at the rate not less than $50 per month. All criminal monetary payments are to be made to the Clerk, United States District Court, Middle District of Alabama, Post Office Box 711, Montgomery, Alabama 36101. *Payments shall commence 30 days after defendant is released from custody.

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

  Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

## CRIMINAL MONETARY PENALTIES

USA                                                2:11cr179-MEF-03

V.

CHARLES SEAN WIMBUSH

### Approved Cash Advance - $1900

Attn: Daniel Milsaps

1855 Executive Park Drive

Cleveland, TN 37320

### Money Now - $200

Attn: Dennis Goldman

PO Box 2928

Meridian, MS 39302

### Express Check Advance (Express Financial Services) - $500

Attn: Traci Fant

2034 Hamilton Place Blvd., Suite 100

Chattanooga, TN 37421

### Cash Mart, Inc. - $950

Attn: Janet Phillips

613 Highway 78 West

Jasper, AL 35501

### Cash Max - $200

1914 Dauphin Island Parkway

Mobile, AL 36605-3004

### Emergi Cash - $200

Attn: David Jones

4240 Carmichael Road

Montgomery, AL 36106

### Advance Check Express - $350

Attn: Jeb Smith

5300 Oakbrook Parkway, Suite 200

Norcross, GA 30093

### Cash Express - $840

Attn: Lisa Hancock

810 A Boll Weevil Circle

Enterprise, AL 36330

### Check Into Cash - $500

Attn: Leigh Ann Hollis

201 Keith Street SW, Suite 80

Cleveland, TN 37311

### Ebro International – d/b/a Color Tyme - $500

Attn: Ronald Pannell

P.O. Box 1226

Defuniak Springs, FL 32435

### Payday Loan Store of Alabama - $400

Attn: Bill Ettleson

300 N. Elizabeth Street, Suite 4E

Chicago, IL 60607

### QC Financial Services - $500

8401 Indian Creek Parkway #1500

Overland Park, KS 66210

### A Dollar Cash Advance - $500

P.O. Box 2038

Cleveland, TN 37320

Advance Check Express - $350

Attn: Jeb Smith

5300 Oakbrook Parkway, Suite 200

Norcross, GA 30093

Cash Express - $840

Attn: Lisa Hancock

810 A Boll Weevil Circle

Enterprise, AL 36330

Check Into Cash - $500

Attn: Leigh Ann Hollis

201 Keith Street SW, Suite 80

Cleveland, TN 37311

Ebro International – d/b/a Color Tyme - $500

Attn: Ronald Pannell

P.O. Box 1226

Defuniak Springs, FL 32435

Payday Loan Store of Alabama - $400

Attn: Bill Ettleson

300 N. Elizabeth Street, Suite 4E

Chicago, IL 60607

QC Financial Services - $500

8401 Indian Creek Parkway #1500

Overland Park, KS 66210

A Dollar Cash Advance - $500

P.O. Box 2038

Cleveland, TN 37320